IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05CV236-1-MU

| | |
|---|---|
| GLEN HARRISON ANDREWS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| BONNIE BOYETTE, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court upon Respondent's Motion for Summary Judgment, filed July 18, 2005.

For the reasons stated herein, and for the further reasons set forth in the Respondent's Motion for Summary Judgment, the Respondent's Motion for Summary Judgment is granted and the Petitioner's Petition for Writ of Habeas Corpus is dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 28, 2000, in the Superior Court of Buncombe County, Petitioner was convicted, after a trial by jury, of attempted first degree murder, two counts of assault with a deadly weapon with intent to kill inflicting serious injury, and one count of violating a domestic violence protective order. Petitioner was sentenced to 196-245 months imprisonment on one of the attempted murder counts; 157-198 months imprisonment on the other count of attempted murder; and sixty days imprisonment on the violating a domestic violence protective order count. Each sentence was to run consecutively. Judgment was arrested on the two counts of assault with a

deadly weapon with intent to kill inflicting serious injury.

On December 17, 2002, the North Carolina Court of Appeals issued a published opinion finding no error in Petitioner's trial. State v. Andrews, 154 N.C. App. 553, 572 S.E.2d 798 (2002). On December 1, 2003, Petitioner filed a writ of certiorari with the North Carolina Supreme Court which was denied on February 5, 2004.

Meanwhile, on March 31, 2003, Petitioner filed a pro se motion for appropriate relief (MAR) and filed it with the Buncombe Superior Court on June16, 2003. On December 10, 2003, the state court denied Petitioner's MAR. On April 16, 2004, Petitioner filed a pro se petition for writ of certiorari in the North Carolina Court of Appeals which was denied on May 18, 2004. On August 9, 2004, Petitioner filed a pro se petition for writ of certiorari in the North Carolina Supreme Court which was dismissed on February 3, 2005.

On June 10, 2005, Petitioner filed the instant federal habeas petition. In his federal habeas petition, Petitioner asserts that the trial court erred when it instructed the jury that the doctrine of transferred intent applies in an assault where an unintended victim was incidentally injured and that there was no evidence of intent offered by the State in the case of the unintended victim. Petitioner also asserts that he received ineffective assistance of trial counsel.

## ANALYSIS

### I. STANDARD OF REVIEW

The threshold inquiries for a federal court reviewing a federal habeas petition are whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are procedurally barred. 28 U.S.C. § 2254. In order to exhaust a claim a petitioner must have fairly presented it to the state courts. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir.

2000), cert. denied, 531 U.S. 1193 (2001).

If a petitioner's claim is unexhausted, it may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court. See id. However, when the procedural bar that gives rise to exhaustion provides an independent and adequate state law ground for the conviction and sentence it prevents federal habeas review of the defaulted claim unless the petitioner can establish cause and prejudice for the default. See id.

If a petitioner's claims are exhausted and not procedurally barred, the federal court must next examine whether or not the petitioner's claims were "adjudicated on the merits" by the state court. If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in 28 U.S.C. § 2254(d) applies. If a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits,[1] a federal court reviews the claim questions of law and mixed questions of law and fact de novo. Angelone v. Weeks, 176 F.3d 249, 258 (4th Cir. 1999), aff'd, 527 U.S. 1060 (2000).

The standard of review set forth in § 2254(d) is to be applied to "all claims 'adjudicated on the merits,' that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.23d 445, 455 (4th Cir. 1999). The standard of review is "quite deferential to the rulings of the state court."

---

[1] If the state court has not ruled on the merits of a claim because it has expressly denied a habeas petitioner's claim based upon an independent and adequate state procedural rule such claim is considered procedurally defaulted in federal court. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

3

Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001), cert. denied, 535 U.S. 1104 (2002). This deference extends to summary dismissals. See Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001).

Pursuant to § 2254(d) a federal court may not grant a writ of habeas corpus unless the state court's adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ." Id. (internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

## II. Improper Jury Instruction

Petitioner alleges that the trial court improperly instructed the jury that the doctrine of transferred intent applies in an assault where an unintended victim was incidentally injured and that there was no evidence of intent offered by the State in the case of the unintended victim. Petitioner asserts that because he intended to harm, and did in fact harm his wife, that same intent

4

cannot be used to support the specific intent requirement necessary for attempted murder of the unintended victim.

Petitioner raised this claim on direct appeal where the North Carolina Court of Appeals denied it. In denying this claim, the court of appeals ruled:

> Defendant next argues that the trial court gave an improper instruction on transferred intent with regards to the attempted murder of Brian Evsich. Defendant contends that since he intended to harm and did harm Ms. Andrews as well as the unintended victim, the doctrine of transferred intent cannot be used to support the specific intent to harm the unintended victim. We disagree.
>
> While defense counsel does demonstrate that some other jurisdictions might not apply the transferred intent doctrine in this case, our own Supreme Court has ruled that an instruction on transferred intent is appropriate where an unintended victim is harmed. State v. Locklear, 331 N.C. 239, 415 S.E.2d 726 (1999); see also State v. Christian, 150 N.C. App. 77, 562 S.E.2d 568 (2002), disc. rev. denied, 356 N.C. 168, 568 S.E.2d 618 (2002).
>
> In Locklear, the defendant shot and killed an estranged girlfriend. The woman's daughter, who was present in the apartment at the time of the shooting, was struck in the neck by a bullet. The defendant was convicted of first-degree murder of the woman, and assault with intent to kill inflicting serious injury on the daughter. Discussing an instruction on transferred intent very similar to the one here, the Court in Locklear noted that "the instruction . . . did not have the effect of relieving the State of any part of its burden of persuasion on an essential element; instead, it merely stated the substantive law of this state." Locklear at 245, 415 S.E.2d at 729.
>
> Here, as in Locklear, the trial court simply explained the common law doctrine of transferred intent to the jury. "Under the doctrine of transferred intent, it is immaterial whether the defendant intended injury to the person actually harmed; if he in fact acted with the required or elemental intent toward someone, that intent suffices as the intent element of the crime charged as a matter of substantive law." Id. at 245, 415 S.E.2d at 730. Likewise, it is immaterial whether the intended victim was harmed or not.

> Clearly, defendant intended to harm his estranged wife and did so when he ran her down with his car in a grocery store parking lot, and then got out of the car and stabbed her several times in the chest. Witnesses at the scene recounted defendant's statements at the time, including "I was trying to get her." Defendant also injured Mr. Evsich, by hitting him with the car. Because defendant acted with the specific intent to kill Ms. Andrews, evidence of that intent could properly serve as the basis of the intent element of the offense against Mr. Evsich. The court did not err in so instructing the jury.

State v. Andrews, 154 N.C. App. 553 (2002).

Because the state court adjudicated this claim on the merits, in order to prevail on federal habeas review, Petitioner must establish that the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

In arguing that the North Carolina Supreme Court wrongly decided this issue, Petitioner cites to case law from California and Maryland which reached different results than North Carolina regarding the issue of transferred intent and unintended victims. After a long analysis affirming the policy behind the California and Maryland case law, Petitioner summarily argues that the North Carolina case law on transferred intent violates the constitutional standard set forth in Jackson v. Virginia, which requires that sufficient evidence exist to establish each element of the crime beyond a reasonable doubt. Petitioner argues that if "a citizen of the State of North Carolina is subject to more than thirteen years in prison for an act that demonstrably is not a crime in two (2) other jurisdictions, it is incumbent on the government of this State to show its citizens that the State's adoption of the contrary position is the considered judgment of the

State's highest court has not done so when petitioned." Petitioner misconstrues the function of this Court. Federal habeas courts may only reverse the decision of a state court if such a decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Petitioner's argument is not based upon clearly established Supreme Court precedent. As such, his claim must fail.

## III. Ineffective Assistance of Counsel

Petitioner also alleges that he received ineffective assistance of counsel because: 1) his counsel admitted in the opening statement that Petitioner was in fact guilty of causing injuries to the victims without the consent of Petitioner; 2) trial counsel failed to secure an expert evaluation by a psychiatric professional; and 3) trial counsel failed to offer available mitigation evidence during the sentencing phase of trial. The Court will address each of these allegations below.

### A. Opening Statement

Petitioner alleges that he received ineffective assistance of counsel when his counsel admitted in the opening statement that Petitioner was in fact guilty of causing injuries to the victims without the consent of Petitioner. More specifically, Petitioner argues that his counsel's comments during opening statements that "[m]y client is not contesting that he was involved in the injuries. . . ." and "this is not a situation where Mr. Andrews is proclaiming that he was not involved in this incident" were improper.[2]

Petitioner raised this claim in his state collateral proceedings where it was summarily

---

[2] Petitioner argues that such admissions constituted an admission of guilt. This Court does not agree with Petitioner's conclusion.

7

denied by both the North Carolina Court of Appeals and the North Carolina Supreme Court. A summary dismissal is considered an adjudication on the merits sufficient to trigger § 2254(d)'s standard of review. See Bell v. Jarvis. 236 F.3d 149, 176 (4th Cir. 2000)(en banc). As set forth below, the state court's decision is correct and is not contrary to nor involved an unreasonable application of clearly established law as set forth by the United States Supreme Court. Nor is it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings.

The controlling Supreme Court precedent for ineffective assistance of counsel claims is Strickland v. Washington. 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id at 689; Fields v. Attorney General of Md.. 956 F.2d 1290, 1297-99 (4th Cir.), cert, denied. 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields. 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Petitioner contends that his counsel should not have admitted he was involved in the incident at issue. A review of the record reveals that Petitioner was arrested at the scene of the incident. (Trial Trans. p. 130). Moreover, both victims testified that it was Petitioner who jumped from the car that ran them over and it was Petitioner who repeatedly stabbed Mrs.

8

Andrews. (Trial Trans. pp. 36, 74-75). In addition, two eyewitnesses identified Petitioner as the individual who jumped from the car and began stabbing Mrs. Andrews. (Trial Trans. pp. 95, 102). Indeed, Petitioner himself does not state that he was not present at the scene or that he was not involved in the incident. Given the overwhelming, and uncontroverted evidence, that Petitioner was at the scene, drove his car into the victims, and jumped out and repeatedly stabbed one of the victims, this Court cannot conclude that his counsel's statements in any way prejudiced Petitioner. Moreover, such assertions were not in conflict with the defenses of involuntary intoxication or lack of premeditation or deliberation that were argued by Petitioner's counsel.

### B. Expert Evaluation

Petitioner also alleges that he received ineffective assistance of counsel when his counsel failed to secure an expert evaluation by a psychiatric professional.

Petitioner raised this claim in his state collateral proceedings where it was summarily denied by both the North Carolina Court of Appeals and the North Carolina Supreme Court. A summary dismissal is considered an adjudication on the merits sufficient to trigger § 2254(d)'s standard of review. See Bell v. Jarvis. 236 F.3d 149, 176 (4th Cir. 2000)(en banc). As set forth below, the state court's decision is correct and is not contrary to nor involved an unreasonable application of clearly established law as set forth by the United States Supreme Court. Nor is it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings.

Again, the controlling Supreme Court precedent for ineffective assistance of counsel claims is Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme

9

Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689, Fields v. Attomey General of Md.. 956 F.2d 1290, 1297-99 (4th Cir.), cert, denied. 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields. 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

The record reveals that prior to trial, pursuant to a court order, Petitioner was examined by Dr. Nicole F. Wolfe at Dorothea Dix Hospital. The forensic evaluation determined that there was "no indication that Mr. Andrews could not appreciate the wrongfulness of his actions" and the same evaluation found that "it would be helpful to have Mr. Andrews' pharmacy records to see if there were other medicines which would have possibly contributed to a drug interaction." Petitioner's counsel then obtained a copy of Petitioner's pharmacy records and also secured the testimony of an expert in pharmaco-therapy who testified that Petitioner was suffering from "a condition known as serotonergic syndrome." Petitioner's counsel actions were well within the range of a reasonable professional strategy.

In addition, Petitioner fails to establish that he was prejudiced by the failure of his counsel to obtain a second evaluation. That is Petitioner has not presented any evidence that but for the alleged error of counsel, the outcome would have been different.

Based upon the above, Petitioner has not established that the MAR court's decision was

contrary to clearly established Supreme Court precedent and his ineffective assistance of counsel claim is denied.

### C. Mitigation Evidence

Petitioner alleges that he received ineffective assistance of counsel when his counsel failed to offer existing mitigating evidence at his sentencing hearing. More specifically, Petitioner alleges that prior to trial he provided his counsel with a list of as many as twelve potentially willing character witnesses as well as a history of his community services. Petitioner also contends that his counsel failed to establish his uncontroverted bipolar disorder as a mitigating factor.

Petitioner raised this claim in his state collateral proceedings where it was summarily denied by both the North Carolina Court of Appeals and the North Carolina Supreme Court. A summary dismissal is considered an adjudication on the merits sufficient to trigger § 2254(d)'s standard of review. See Bell v. Jarvis. 236 F.3d 149, 176 (4th Cir. 2000)(en banc). As set forth below, the state court's decision is correct and is not contrary to nor involved an unreasonable application of clearly established law as set forth by the United States Supreme Court. Nor is it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings.

The controlling Supreme Court precedent for ineffective assistance of counsel claims is Strickland v. Washington. 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective

standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id at 689; Fields v. Attomey General of Md.. 956 F.2d 1290, 1297-99 (4th Cir.), cert, denied. 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields. 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id at 1290.

At sentencing Petitioner's counsel offered testimony by Reverend James Lamb of the Grove Baptist Church; Mr. Norman Sanders, Director of Community Relations, Billy Graham Training Center; Mr. Bill Clawson, employee of the Billy Graham Training Center; and Reverend B.J. Abemathy of the Grassy Branch Baptist Church as evidence of Petitioner's good moral character. (Trial Trans. pp. 307-27). During the course of this testimony Petitioner's involvement in the community was highlighted. (Trial Trans. pp. 308-10). In addition, during sentencing, Petitioner's counsel asked the state court to consider evidence offered prior to and during the sentencing proceedings of Petitioner's moral character and his mental health. (Tr. Trans. pp. 327-30). During the trial the judge clearly stated that he had reviewed the report from Dorthea Dix.

Based upon the above, Petitioner has not established that the MAR court's decision was contrary to clearly established Supreme Court precedent and his ineffective assistance of counsel claim is denied.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Respondent's Motion for Summary Judgment is **GRANTED**; and

2. Petitioner's Petition Under 28 U.S.C. § 2254 is **DISMISSED.**

**Signed: January 13, 2006**

Graham C. Mullen
Chief United States District Judge